## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RAPHAEL CASSIMERE**

**VERSUS**

**PORTS AMERICA LOUISIANA, LLC, ET AL.**

**CIVIL ACTION**

**NO. 24-02047**

**SECTION "O"**

## ORDER AND REASONS

Before the Court in this case arising under the Longshore and Harbor Workers' Compensation Act is a motion[1] to dismiss pursuant to Rule 12(b)(1) and (6) by Defendant Ports America Louisiana, LLC. Having considered the motion, Plaintiff's opposition,[2] Defendant's reply,[3] and the applicable law, for the following reasons, the motion is **GRANTED**, and Plaintiff's complaint shall be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND

This case arises from an alleged breach of nonpecuniary accommodation terms of a settlement agreement confected between an injured longshoreman and his stevedore employer in pursuit of a compensation order, which issued by the Department of Labor pursuant to the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901, *et seq.* (the "LHWCA"), and promptly was paid by Defendant. Because Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim, and the parties agree that the materials submitted to the Court are

---

[1] ECF No. 19.
[2] ECF No. 20.
[3] ECF No. 21.

central to Plaintiff's complaint and claims, the Court first summarizes the following well-pleaded facts drawn from the complaint as well as the materials referred to therein. *See generally Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 481 (5th Cir. 2024); *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023).

Raphael Cassimere has been a longshoreman for more than 20 years.[4] Ports America Louisiana, LLC ("Ports") is a professional stevedore in the business of loading and unloading cargo from and into seagoing vessels and river barges at various locations along the Mississippi River in New Orleans, and elsewhere.[5]

In August 2018, while Mr. Cassimere was working for Ports, a piece of cargo container fell on Mr. Cassimere, striking his left upper extremity and injuring him.[6] As a result, Ports provided Mr. Cassimere with medical and compensation benefits consistent with its statutory obligation under the LHWCA.[7]

Unfortunately, medical treatment did not fully resolve Mr. Cassimere's work-related injuries. The August 2018 incident caused Mr. Cassimere to suffer a frozen shoulder and a permanent disability to his left hand, wrist, and arm, quantified as a 47% permanent partial disability of the left upper extremity.[8] This prompted Mr. Cassimere to file a disability claim against Ports in which he sought disability benefits under the LHWCA administrative process.[9]

---

[4] ECF No. 17 ¶ V.
[5] *Id.* ¶ IV.
[6] *Id.* ¶ VII.
[7] *Id.* ¶ VIII.
[8] *Id.* ¶ IX.
[9] *Id.* ¶ X.

As part of that administrative process, Mr. Cassimere and Ports negotiated a settlement of the disability benefits claim. For a settlement agreement among an injured longshoreman and his employer to be binding, the LHWCA mandates that a Section 8(i) settlement application must be approved by the U.S. Department of Labor District Director of LHWCA Programs.[10] In compliance with this process, Mr. Cassimere and Port submitted for approval the one-page Settlement Approval Request Section 8(i) form to which they attached a 21-page "fully executed 8(i) settlement agreement" which contained a detailed stipulation of facts along with a proposed order—drafted by the parties—inclusive of four proposed findings of fact: that the settlement was not procured by duress, that the lump sum settlement of $200,000 is approved, that liability will be discharged upon payment of the agreed-upon sums, and that a $100,000 fee shall be paid to claimant's attorney in addition to the payable compensation.[11]

As for the monetary compensation, the Section 8(i) Settlement Approval Request form states that $200,000 is the total settlement amount due to Mr. Cassimere (plus an additional $100,000 due to Mr. Cassimere's attorney), if the settlement request is approved. Mr. Cassimere alleges that the District Director of LHWCA Programs duly approved the parties' 8(i) settlement approval request in an

[10] *Id.* ¶ XVIII.
[11] *Id.* ¶ IXX and ECF No. 17-1 (Ex. A thereto).

order approving agreed settlement (the "Compensation Order").[12] The Compensation

Order, signed by the District Director on July 6, 2022, provides:

> Pursuant to agreement and stipulation by and between the interested parties, and such further investigation in the above-entitled claim having been made as is considered necessary, and no hearing have been applied for by any party in interest or considered necessary by the District Director, the District Director makes the following:

FINDINGS OF FACT

1. That the claimant alleges accidental injury arising out of and in the course of employment with employer on or about 08/19/2018.
2. That liability of the employer for compensation under the above cited Act was insured by Ports Insurance Company, Inc.
3. The parties have agreed on the pertinent issues and desire to settle the claim on the following basis:
   Lump sum of $185,000.00 for compensation,
   Lum sum of $15,000.00 for medical benefits.
4. William S. Vincent, Jr. will receive $100,000.00 for fees and costs associated with this claim.
5. The District Director, pursuant to the authority vested in him in Section 8(i) of the [LHWCA], as amended, finds this settlement to be adequate and not procured by duress, approves the agreed settlement and effects a final disposition of this claim, discharging the liability of the Employer/Insurance Carrier for such compensation and medical benefits.

ORDER

> Pursuant to Section 8(i) of the [LHWCA], the District Director having reviewed the attached agreement and stipulation by and between interested parties hereby approves the agreed settlement. This approval effects a final disposition of the claim, discharging the liability of the employer and insurance carrier in accordance with the terms of the settlement. The employer and insurance carrier are hereby ordered to pay all amounts due.[13]

---

[12] *Id.* ¶¶ IXX, XX. Mr. Cassimere alleges that he attached the Compensation Order as Exhibit B to the operative complaint, but Exhibit A (the settlement approval request) is the sole exhibit docketed with the complaint.

[13] Ports attaches as Exhibit B to the motion to dismiss the Compensation Order referenced by both parties. ECF No. 19-3.

Ports duly paid the settlement amounts owed to Mr. Cassimere and his attorney as mandated by the Compensation Order.[14] However, Mr. Cassimere alleges that Ports "wrongfully refused and has continued to wrongfully refuse to abide by the terms of the settlement agreement regarding the stipulated [non-monetary parking and transportation] accommodations[.]"[15] "Because of Ports' breach of contract," Mr. Cassimere alleges, he "would be forced to carry his gear from parking facilities available to him on the job site, which facilities are considerably further away, causing him substantial pain and significant difficulties resulting from the additional strain placed on his condition."[16]

So Mr. Cassimere sued Ports and its insurer, Ports Insurance Company,[17] alleging breach of contract, and seeking to enforce the settlement agreement under the LHWCA.[18] In response to Ports' initial motion to dismiss the complaint, Mr. Cassimere was granted leave to file a first supplemental and amending complaint.[19] There, in the operative complaint, Mr. Cassimere advances the same breach of settlement agreement claim, again invoking federal question jurisdiction and alleging that this Court has "jurisdiction to enforce such agreements under 33 U.S.C. § 921(d)."[20] Attached to the operative complaint is the Section 8(i) Settlement

---

[14] ECF No. 17 ¶ XXII.
[15] *Id.*
[16] *Id.* ¶ XXV.
[17] There is no indication that Ports Insurance Company was ever issued a summons or was ever served with process. Nor has Ports Insurance Company appeared in this litigation.
[18] ECF No. 1.
[19] ECF No. 16.
[20] ECF No. 17 ¶ III.

Approval Request.[21] Mr. Cassimere alleges that Ports breached paragraphs 16 and 20 of the stipulations predicating the request for approval, which provide:

> 16.
> Based on [specified] medical releases, Claimant may return to work for Employer in any position he so chooses. Claimant has the option of using the Employer-provided shuttle bus to transport him from the longshoreman parking lot to his daily job site as a truck driver if he so chooses. Employer and Carrier acknowledge the Claimant desires being allowed to park on the terminal facilities closer to his job site at the Employer's sole discretion, and the Claimant understands that only the Employer, not Carrier, can offer Terminal Facility Parking accommodation alternative.
>
> . . .
>
> 20.
> It is agreed and understood that Claimant's ability to work for all Longshore employers is an integral part of this 8i settlement and Employer and Carrier hereby agree not to take any actions to remove Claimant from his position as a Longshoreman for Ports America Louisiana based on this claim.[22]

For Ports' alleged breach of these provisions, Mr. Cassimere seeks to recover $100,000 in damages as well as an order "requiring Ports to abide by the accommodations contemplated in the settlement."[23]

Ports now moves to dismiss for lack of subject matter jurisdiction and, alternatively, for failure to state a claim for relief.

---

[21] *Id.* (ECF No. 17-1, Exhibit A). Though Plaintiff purports to reference an Exhibit B, no such exhibit was included with the first amended complaint. *See* ECF No. 17 ¶ XVII (suggesting that Exhibit B would be an email between counsel for employer and counsel for plaintiff regarding parking on the terminal "confirm[ing] the shuttle bus agreement as part of the settlement"); *see also* ¶ XX (suggesting that Exhibit B is "attached approved written settlement agreement and compensation order issued in connection with the settlement").

[22] ECF No. 17-1.

[23] ECF No. 17 ¶¶ XXVII and XXVIII.

## II.    LAW AND ANALYSIS

### A.  Procedural Legal Standards

#### 1.  Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig*., 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). "Rule 12(b)(1) motions challenge the subject matter jurisdiction of the district court." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Prod. Liab. Litig*., 668 F.3d at 286 (citation, quotation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When a defendant brings a Rule 12(b)(1) motion, "the plaintiff bears the burden of proof in establishing that jurisdiction does in fact exist." *See Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 481 (5th Cir. 2024). To carry his burden at the pleading stage, the plaintiff generally must "allege a plausible set of facts establishing jurisdiction." *Burnett Specialists v. Cowen*, 140 F.4th 686, 693 (5th Cir. 2025) (citing *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012)). Where the jurisdictional question is confined to the pleadings, the Rule 12(b)(6) standard, set forth more fully below, applies: "[a]ll well-pleaded facts are accepted as

7

true and viewed in the light most favorable to the plaintiff." *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (internal quotations and citations omitted). However, in examining its jurisdiction, the Court may go beyond the pleadings to find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

If a court lacks subject matter jurisdiction over an action or claim, the action or claim is properly dismissed without prejudice. *See Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023) ("[I]t's precisely because the jurisdiction-less court cannot reach the merits that it also cannot issue with-prejudice dismissals that would carry *res judicata* effect. So we've repeatedly insisted that a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction.") (quotation omitted; emphasis in original). Because dismissal for lack of jurisdiction is mandatory and without prejudice, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.*" See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d at 287 (prioritizing jurisdictional inquiries "prevents a court without jurisdiction from prematurely dismissing a case with prejudice").

## 2.  Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (cleaned up).

9

In resolving a motion to dismiss, the Court is generally "limited to the contents of the pleadings, including any attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). However, there are two limited exceptions to this general rule in which the Court may rely on evidence beyond the complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2014)). First, the Court "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced [or incorporated] in the complaint.'" *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Doe v. Ferguson*, 128 F.4th 727, 733-34 (5th Cir. 2025) (citation omitted); *see also Edmiston v. Borrego*, 75 F.4th 551, 557-58 (5th Cir. 2023) (citations omitted). Second, the Court may consider "a matter subject to judicial notice under Federal Rule of Evidence 201." *George*, 36 F.4th at 619.[24]

## B. The Scope of Ports' Motion to Dismiss

Ports moves to dismiss Mr. Cassimere's complaint for lack of subject matter jurisdiction and for failure to state a claim for relief. First, Ports contends that Plaintiff has failed to invoke the subject matter jurisdiction of this Court because he

---

[24] If the Court considers materials outside the pleadings which are not central to the claim or subject to judicial notice, then the motion to dismiss must be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004). If conversion to summary judgment is appropriate, the Court must notify the parties, then consider all evidence presented. *See* Fed. R. Civ. P. 12(d); *see also Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

fails to allege facts that support a claim that Ports failed to comply with the U.S. Department of Labor's July 6, 2022 Compensation Order, as required by 33 U.S.C. § 921(d). Second, Ports contends that, by failing to request that the Court enforce a provision of the Compensation Order, Plaintiff has also failed to state a claim for relief under § 921(d).

Mr. Cassimere counters that the parties' stipulations predicating an approved 8(i) settlement application are enforceable, notwithstanding that they were not explicitly restated in the final Compensation Order, because, the argument goes, either the terms of the settlement application became a part of the Compensation Order, or a separate settlement contract was formed. If the former, then Plaintiff contends that the Court has jurisdiction to enforce the terms of the settlement application. If the latter, then Plaintiff contends he may seek enforcement through a breach of contract theory.

Ports replies that Mr. Cassimere has failed to identify any provision of the Compensation Order with which Ports failed to comply and thus this Court lacks jurisdiction over the claim. Insofar as Mr. Cassimere recasts his claim as breach of settlement agreement terms, Ports notes that Mr. Cassimere fails to identify any authority supporting his position or any basis for this Court's subject matter jurisdiction over a LHWCA settlement application.

To facilitate resolution of the parties' dispute, the parties have submitted[25] materials—the Section 8(i) settlement approval request form with accompanying documentation submitted to obtain a Compensation Order and the Compensation Order itself—both of which fall within the limited exception for consideration on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. Unsurprisingly, no party objects to consideration of these materials, which indeed are properly considered in resolving both the Rule 12(b)(1) ground for the motion as well as the Rule 12(b)(6) ground, without converting the motion into one for summary judgment.

### C. The LHWCA Statutory Scheme Limits this Court's Subject Matter Jurisdiction to Enforcing Compliance with Compensation Orders.

#### 1. The LHWCA Statutory Scheme

The LHWCA, which "creates an administrative apparatus for considering claims and appeals for compensation" by certain covered maritime workers, was passed to provide compensation coverage for maritime workers who were beyond the reach of state compensation statutes. 14 A Wright & Miller, FED. PRAC. & PROC. § 3671.1 (4th ed. Apr. 2025 update). Put simply, the LHWCA establishes a no-fault federal workers' compensation program, providing covered maritime workers with an exclusive remedy against their employer for "medical, disability, and survivor

---

[25] Mr. Cassimere attached to the operative complaint, ECF No. 17, the Section 8(i) settlement approval request form and accompanying documentation and ostensibly intended to attach the Compensation Order. With its motion to dismiss, Ports submitted these same materials, including the Compensation Order which forms the basis of Plaintiff's claims and which Plaintiff purports to attach to his complaint.

benefits for work-related injuries and death.'" *MMR Constructors, Inc. v. Dir., Off. Of Workers' comp. Programs*, 954 F.3d 259, 262 (5th Cir. 2020) (citation omitted).

The statute affords employers full immunity from tort liability, providing that compensation benefits "shall be exclusive and in place of all other liability of such employer to the employee . . . except . . . if an employer fails to secure payment of compensation as required by this chapter[.]" *See* 33 U.S.C. § 905(a); *see also id.* § 904 (providing that the exclusive remedy for a covered worker against his employer is compensation benefits, to which the injured worker is entitled without regard to employer fault); *see also Levene v. Pintail Enter., Inc.*, 943 F.2d 528, 531 (5th Cir. 1991) (observing that, under the first of two types of LHWCA liability, § 904, a covered worker may receive compensation benefits from his employer without regard to fault).[26] "[I]f the LHWCA covers an employee's injury, his only remedy against an employer lies in workers' compensation." *Rosetti v. Avondale Shipyards, Inc.*, 821 F.2d 1083, 1085 (5th Cir. 1987).

The relevant statutory scheme contextualizes Mr. Cassimere's lawsuit and Ports' motion to dismiss it. Compensation for disability claims under the LHWCA is governed by 33 U.S.C. § 908. Indeed, "[c]ompensation for disability shall be paid to the employee" as set forth therein. 33 U.S.C. § 908. Subsection (i) governs the process for settlements of disability claims for compensation. Thus, "[a] settlement reached under Section 908(i) is commonly referred to as a Section 8(i) settlement." *Cooper v.*

---

[26] Because a vessel owner is not immune from suit, when an employer acts in a dual capacity, the entity retains employer immunity for acts taken in its capacity as employer but may be sued "qua vessel" for vessel negligence. *See Levene*, 943 F.2d at 531.

*Int'l Offshore Servs., LLC*, 390 F. App'x 347, 348 n.1 (5th Cir. 2010) (unpublished). "A settlement approved [by the deputy commissioner or administrative law judge] shall discharge the liability of the employer or carrier, or both." 33 U.S.C. § 908(i)(3).

Section 919 governs the procedure respecting a longshoreman's claim for compensation. Subsection (e) provides that "[t]he order . . . making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer[.]" *Id.* § 919(e).

Review of compensation orders is circumscribed. Section 921 governs. Subsection (a) provides that a compensation order becomes final 30 days after it is filed in the office of the deputy commissioner, unless a party institutes proceedings seeking to suspend or set aside the order. If a party appeals a compensation order, a Benefits Review Board determines substantial questions of law or fact. *Id.* § 921(b). If a party is dissatisfied with the Benefits Review Board's appellate determination, subsection (c) authorizes review of a final Board order in the United States circuit court of appeals for the circuit where the injury occurred, if such petition is filed within 60 days after the Board's decision. *Id.* § 921(c).

If, on the other hand, an employer "fails to comply with a [final] compensation order making an award[,]" then the award beneficiary "may apply [to federal district court] for the enforcement of the order[.]" *Id.* § 921(d).[27] Finally, (e) plainly limits

---

[27] Subsection (d) provides in full:

**(d) District court; jurisdiction; enforcement of orders; application of beneficiaries of awards or deputy commissioner; process for compliance with orders**

challenges to or enforcement of compensation orders to this LHWCA scheme. *Id.* § 921(e).[28]

Where a beneficiary claimant seeks review of the compensation order or seeks relief beyond mere enforcement of the compensation order, the district court lacks jurisdiction over such a challenge to the compensation order terms. *See Cooper v. Int'l Offshore Servs., LLC*, No. 09-4816, 2009 WL 5175216, at *3 (E.D. La. Dec. 17, 2009), *aff'd*, 390 F. App'x 347, 350 (5th Cir. 2010) (finding that "[t]he district court properly found that it did not have jurisdiction over [plaintiff's] challenge" in which the plaintiff challenged a factual finding made by the District Director). Critically, the LHWCA claimant must ensure that the compensation order accurately reflects the parties' settlement agreement and—if it does not—the claimant must utilize the LHWCA process by seeking reconsideration by the Director and exercising his option to appeal to the Benefits Review Board. *See Cooper*, 390 F. App'x at 350 (citing 33 U.S.C. § 921(a)). In other words, errors or ambiguities in the language or scope of the findings supporting an order or in the order itself would be "an issue to resolve on

---

If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the United States District Court for the District of Columbia if the injury occurred in the District). If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

[28] Subsection (e) provides:

**(e) Institution of proceedings for suspension, setting aside, or enforcement of compensation orders**

Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title.

appeal from the Director" rather than an issue for district court enforcement. *See id.* at 351.

### 2. Mr. Cassimere's Complaint Fails to Invoke the Court's Jurisdiction under 33 U.S.C. § 921(d).

Ports contends that 33 U.S.C. § 921(d) is limited to allowing a plaintiff to seek enforcement of a final compensation order from the federal district in which the injury occurred. Mr. Cassimere counters that this Court may go beyond the terms of the compensation order to review the parties' stipulations contained in the settlement approval request because either the stipulations are part of the compensation order, or they form a separate contract which Ports allegedly has breached. Mr. Cassimere frames the singular issue presented to the Court as whether the stipulations contained in an approved 8(i) settlement application, but not explicitly restated in the District Director's final Compensation Order, are enforceable.

Mr. Cassimere indeed frames an issue presented to the Court. However, the Court disagrees with Plaintiff's contention that the issue must be resolved in Plaintiff's favor. Instead, the general statutory scheme set forth above and the specific text of § 921(d) make clear that this Court's jurisdiction is limited to enforcing compensation orders. Because Mr. Cassimere seeks more that mere enforcement of a compensation order, his lawsuit must be dismissed without prejudice.

As set forth above, Section 921(d) provides that "[i]f an employer . . . fails to comply with a compensation order making an award, that has become final, any beneficiary of such award . . . may apply for the enforcement of the order to the

Federal district court" in where the beneficiary was injured. This is the only available proceeding for "enforcing a compensation order[.]" *Id.* § 921(e).

Here, Mr. Cassimere alleges that the parties submitted an application for a compensation order, that a final Compensation Order was issued by the District Director, and that Ports paid the compensation award as expressly ordered by the Compensation Order. However, Mr. Cassimere complains that Ports has failed to comply with the nonpecuniary accommodation stipulations which were submitted in the application seeking a Compensation Order. Mr. Cassimere does not allege that he endeavored under the statutory scheme to have these nonpecuniary terms included in the Compensation Order (*i.e.*, Plaintiff does not allege that he sought review of the Compensation Order with the District Director, nor did he appeal the Compensation Order to the Benefits Review Board). The non-monetary accommodation terms which Mr. Cassimere seeks to enforce by his lawsuit are absent from the Compensation Order.

Ports contends that the Court lacks jurisdiction to enforce terms that nowhere appear in the Compensation Order. Applying the clear text of § 921(d), the Court agrees. Once Mr. Cassimere availed himself of the exclusive LHWCA disability settlement process and obtained a final Compensation Order, this Court's jurisdiction could be invoked only to enforce the terms contained in that final order. But Mr. Cassimere does not seek to enforce the terms of the Compensation Order. Indeed, Mr.

Cassimere concedes that Ports and its insurer "pa[id] all amounts due" in compliance with the terms of the Compensation Order.[29]

Mr. Cassimere instead seeks to recover monetary damages for Ports' alleged failure to comply with stipulations submitted to the District Director in the settlement application seeking the Compensation Order. Regardless of whether these damages are for breach of an alleged contractor or some other theory, Mr. Cassimere cites no authority that would authorize this Court to exercise subject matter jurisdiction over his claim seeking enforcement of nonpecuniary terms contained in an application seeking a compensation order.

*Cooper*, on the other hand, supports Ports' position and aptly illustrates the statutory limit of district court *enforcement* of compensation orders. *See* 390 F. App'x at 350-51. There, Cooper, the covered LHWCA plaintiff, settled his claim for benefits under the LHWCA. *Id.* at 348. The DOL entered a formal award approving the settlement and releasing the defendant from future liability. *Id.* at 348-49. Cooper neither sought reconsideration from the District Director nor appealed the compensation order to the Benefits Review Board. *Id.* at 349, 350. When Cooper sued his employer and argued that the compensation order's findings of fact included an overly broad release that was not aligned with the parties' agreement, his employer

---

[29] *See* ECF No. 17 ¶ XXII (alleging that "Ports paid the sum agreed to in the Settlement"). The Compensation Order provides:

> Pursuant to Section 8(i) of the [LHWCA], the District Director having reviewed the attached agreement and stipulation by and between interested parties hereby approves the agreed settlement. This approval effects a final disposition of the claim, discharging the liability of the employer and insurance carrier in accordance with the terms of the settlement. The employer and insurance carrier are hereby ordered to pay all amounts due.

ECF No. 19-3.

countered that the district court lacked jurisdiction because the LHWCA does not permit an aggrieved party to *challenge* a final compensation order in district court, only to enforce one. Judge Lemmon agreed, rejecting Cooper's argument that the compensation order's findings of fact were overly broad insofar as the findings included a release of all claims. The Fifth Circuit affirmed. *Id.* at 350-51 (agreeing with the district court's finding that it lacked jurisdiction over such a challenge, despite that "[t]here may well be a serious question about whether the District Director went further than the parties intended").

Applying § 921 and *Cooper*'s guidance compels the same outcome here. Mr. Cassimere plainly does not seek enforcement of the Compensation Order, with which Ports has complied. Mr. Cassimere resists Ports' contention that Plaintiff had the burden to pursue his statutory remedies by seeking reconsideration because, he suggests, it was too late to attack the settlement "by the time it became evident that Ports was in breach of contract."[30] But the Fifth Circuit indeed indicated that the beneficiary must resort to the statutory process insofar as he *challenges* a compensation order or its scope: "If Cooper believed the District Director's order did

---

[30] ECF No. 20 at 6. Mr. Cassimere also contends that it "makes no sense" that he should be responsible for ensuring the nonpecuniary accommodations terms are included in the compensation order because "the Department of Labor does not have jurisdiction to order Ports to do anything but pay compensation by a certain date [such that] incorporating the workplace accommodations into the Compensation Order's explicit findings would have been legally ineffective[.]" *Id.* at 6-7. Even taking Plaintiff's argument at face value, the DOL's lack of authority neither explains how, nor confers jurisdiction on, this Court to render legally effective some term that appears outside a final compensation order. Furthermore, and putting Plaintiff's policy arguments aside, Mr. Cassimere does not identify a single source supporting a statutorily authorized path for this Court to enforce anything beyond the Compensation Order. Mr. Cassimere offers no binding or persuasive case law that would support his contention that this Court indeed has jurisdiction to grant the relief he seeks. Ultimately, this Court's jurisdiction is statutorily limited to enforcing compensation orders; providing redress for breach of settlement agreements predicating the same exceeds the scope of § 921(d), which is prohibited by § 921(e).

not reflect the agreement the parties reached in the settlement agreement," the Fifth Circuit observed, "he could have sought reconsideration by the Director [and f]ailing that, he had the option to appeal the order to the Benefits Review Board." *Cooper*, 390 F. App'x at 350. Just like Mr. Cooper, Mr. Cassimere argues that the Compensation Order was incomplete or erroneously failed to reflect nonpecuniary terms that were integral to his LHWCA disability settlement but which were not reflected in the Compensation Order. He fails to invoke the Court's jurisdiction, which is strictly limited to enforcing the Compensation Order. Because Mr. Cassimere seeks relief from the Court which is beyond that authorized by § 921, and he identifies no authorities that overcome the statutory text limiting this Court's subject matter jurisdiction to enforcement of a final Compensation Order, his lawsuit must be dismissed without prejudice for lack of subject matter jurisdiction.[31]

---

[31] Insofar as Ports requests dismissal with prejudice, *see* ECF No. 19 at 2; 19-1 at 10, only dismissal without prejudice is appropriate where, as here, the Court dismisses claims for lack of subject matter jurisdiction. Finally, given the Court's finding that the Court lacks jurisdiction, the Court need not reach Ports' contentions that the Court is prohibited from considering the parties' settlement negotiations and that Plaintiff's complaint fails to state a claim on which relief may be granted.

### III.  CONCLUSION

**IT IS ORDERED** that Defendant's motion[32] to dismiss for lack of subject matter jurisdiction is **GRANTED**. Plaintiff's complaint is hereby dismissed **WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 4th day of March, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[32] ECF No. 19.